A. Clifford Edwards
A. Christopher Edwards
John W. Edwards
EDWARDS & CULVER
1648 Poly Drive, Suite 206
Billings, Montana 59102
Telephone: (406) 256-8155
Email: lauren.nahale@edwardslawfirm.org
Email: chris@edwardslawfirm.org
Email: john.edwards@edwardslawfirm.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| BARRY ALLEN, individually and as Personal Representative on behalf of the Estate and survivors of WILLIAM CASIE ALLEN; ROBIN ALLEN, individually; and KENDRA VISSER, individually and as Personal Representative on behalf of the Estate and survivors of NICHOLAS RYAN VISSER,<br><br>        Plaintiffs,<br><br>vs.<br><br>CARLYN JESSOP; ORVAL BRINGHURST; SUNRISE AG DEVELOPMENT, LLC and DOES 1-5,<br><br>        Defendants. | Cause No.<br><br><br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, BARRY ALLEN, individually, and as Personal Representative on behalf of the Estate and survivors of WILLIAM CASIE ALLEN; ROBIN ALLEN, individually; and KENDRA VISSER, individually, and as Personal Representative on behalf of the Estate and survivors of NICHOLAS RYAN VISSER, by and through their attorneys of record, Edwards & Culver, and for their Complaint against Defendants CARLYN JESSOP, ORVAL BRINGHURST, SUNRISE AG DEVELOPMENT, LLC and DOES 1-5, complain and allege as follows:

**PARTIES**

1. Plaintiffs were at all times relevant hereto residents of the state of Montana. At the time of their death, William Casie Allen was a resident of Sweetgrass County and Nicholas Ryan Visser was a resident of Yellowstone County.

2. Defendant, CARLYN JESSOP ("Jessop"), was at all times relevant hereto, a resident of the State of Utah, operating a truck and trailer on the public roadways in the state of Montana and causing an accident in Stillwater County in the state of Montana that resulted in the death of Montana residents, William Casie Allen and Nicholas Ryan Visser.

3. Defendant, ORVAL BRINGHURST ("Bringhurst"), was at all times relevant hereto, a resident of the state of Arizona, and the owner of the truck driven by Jessop, which was operating on the public roadways in the state of Montana,

causing an accident in Stillwater County in the state of Montana that resulted in the death of Montana residents, William Casie Allen and Nicholas Ryan Visser.

4. Defendant, SUNRISE AG DEVELOPMENT, LLC ("Sunrise"), was at all times relevant hereto, a Utah limited liability company, and the owner, lessee and/or licensee of the truck driven by Jessop, which was operating on the public roadways in the state of Montana, causing an accident in Stillwater County in the state of Montana that resulted in the death of Montana residents, William Casie Allen and Nicholas Ryan Visser.

5. The true names and capacities of DOES 1-5 are unknown to the Plaintiffs, who therefore sue said Defendants under these fictitious names. On information and belief, Defendant DOES 1-5, inclusive, (i) directly participated in or assisted in the performance of the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, OR (ii) conspired with the named parties in this case to perform the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, OR (iii) acted as principals or agents, actual or ostensible, of other named parties in this case in performing the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time. Plaintiffs thus believe that Defendant DOES 1-5, inclusive, are liable for the damages and other relief sought in this case as participants, co-conspirators,

principals or agents, or are otherwise necessary or indispensable parties to adjudication of the issues involved in this case. When the true names and capacities of DOES 1-5, inclusive, have been ascertained, appropriate amendments of this Claim will be filed.

6. Plaintiffs are further informed, believe and thereon allege that at all times herein mentioned all Defendants, including DOES 1-5, inclusive, (i) jointly perpetrated the acts described herein with their Co-Defendants, (ii) were the successors in interest to, or agents, principals, partners, joint venturers, or co-conspirators of their Co-Defendants in doing the things herein alleged and were acting within the scope and authority or in furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their Co-Defendants in doing the things herein alleged, and, therefore, are liable, jointly and severally, for all damages and other relief or remedies sought by Plaintiffs in this action.

## **JURISDICTION AND VENUE**

7. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because this is a civil action between Plaintiffs' decedents that were residents and citizens of the state of Montana, and Defendants who reside and/or have a principal place of business located in Utah and/or Arizona, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in the Billings division of this Court, because the Plaintiffs' decedents were residents and citizens of Sweetgrass and Yellowstone Counties, Montana, and the crash that caused their death occurred in Stillwater County, Montana.

## FACTS

9. At the time of the accident at 6:10 a.m. on October 25, 2020, 28 year-old William Casie Allen ("Casie") and 37 year-old Nicholas Ryan Visser ("Nick") were working for Hanser's Automotive on Interstate 90 ("I-90") just outside of Columbus, MT. Casie and Nick were loading up a U-haul trailer onto Hanser's rollback wrecker, so it could be towed to Billings, MT. Casie and Nick were standing at the rear of the U-haul trailer while loading it onto the wrecker at the time of the horrific accident.

10. At the same time on the morning of October 25, 2020, Jacob Miller was driving his semi-truck going East bound on I-90. The road conditions were icy and it was snowing. Directly behind Mr. Miller's semi, 18 year-old Defendant Jessop, as a representative, agent, employee and/or entrusted operator of Co-Defendants, was driving a truck and gooseneck trailer owned and controlled by Defendants Bringhurst and Sunrise. Jessop had a 13 year-old passenger in the truck with him. When Mr. Miller saw the flashing orange wrecker lights and the sign warning him of the wrecker ahead, he began to slow his vehicle. However, Jessop, who had been

awake for over 24 hours and was suffering from a lack of sleep, was traveling too fast for conditions and following Mr. Miller's semi too closely; Jessop did not slow his vehicle in time to avoid rear-ending Miller's semi.  Jessop attempted to move into the passing lane, but struck the rear corner of Miller's semi and began to jackknife into the passing lane, where he violently struck Casie and Nick, causing the death of both men.  Defendants' vehicle then collided with the U-haul and wrecker and continued on to strike the driver's side and front of Miller's semi again, before coming to rest in front of Miller's semi.

11.  Defendant Jessop was cited for a violation of § 61-8-302, Montana Code Annotated, for his failure to operate or drive a vehicle on a public highway in a careful and prudent manner that did not unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the highway, thereby resulting in the death or serious bodily injury of another person.

12.  As a result of Defendants' acts and omissions, Casie and Nick were fatally injured and Plaintiffs have suffered damages.

13.  In doing the things alleged herein, Defendants were guilty of actual malice, in that the Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Plaintiffs and deliberately proceeded to act in conscious or intentional disregard of and/or with indifference to the high probability of injury to the Plaintiffs.

## COUNT I

(Negligence)

14.  Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

15.  Defendants had a duty to use reasonable care in the ownership, control and operation of their vehicle.

16.  Defendants had a duty to use reasonable care in their actions so as not to cause injury and damage to others.

17.  Defendants had a duty to own, control and operate the truck and trailer in a manner that complied with the law, including, but not limited to, § 61-8-302, MCA, and all other Montana statutory laws.

18.  While operating the subject vehicle on October 25, 2020 on I-90, Defendant Jessop, both individually and as an agent, employee, servant and/or representative of Defendants Bringhurst and Sunrise, owed a duty of reasonable care toward other persons, drivers and vehicles who were present on, driving on and/or operating on I-90 at the time of the incident(s) in question, including decedents, Casie and Nick.

19.  Defendant Jessop, both individually and as an agent, employee, servant, and/or representative of Defendants Bringhurst and Sunrise, had a duty to pay attention while operating the truck and trailer, reduce the speed of the truck and

trailer to avoid an accident, maintain a proper distance between vehicles, look out for obstructions in the roadway, and refrain from colliding with persons or vehicles on the roadway.

20. Defendants breached their duties of reasonable care owed toward other persons, drivers, and vehicles who were present on, driving on, and/or operating on I-90 at the time of the incident(s) in question, including the decedents, in that Defendants failed to act reasonably and use due care in the ownership, control and operation of the truck and trailer, causing it to collide and cause the death of Casie and Nick.

21. Defendants breached their duty of care when they entrusted, operated and allowed their vehicle to be operated in an unsafe manner, including failing to obey all laws and rules of the state of Montana, driving their vehicle too fast for conditions and while sleep deprived, following vehicles too closely, failing to maintain a proper lookout and observe traffic flow, warning signs and lights that alert drivers to on-coming hazards, failing to reduce the speed of their vehicle to avoid an accident, failing to observe or avoid obstructions in the roadway, and failing to control their vehicle to avoid the collision that caused the death of Casie and Nick.

22. Defendants failed to use reasonable care in their actions and operations so as not to cause injury and damage to others.

23. As a result of the negligence of the Defendants, and each of them, Casie and Nick suffered severe and catastrophic injury that resulted in their death.

24. As a direct and proximate result of the acts and/or omissions of Defendants, William Casie Allen and Nicholas Ryan Visser and their heirs and survivors suffered injuries and damages, including but not limited to severe and catastrophic injuries to decedents' bodies, ultimately resulting in their death, pain and suffering, mental anguish, emotional distress, funeral expenses, out of pocket expenses, lost wages, loss of earning capacity, loss of consortium to Plaintiffs, and any other additional injuries and damages that are or may be recoverable under Montana law.

25. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiffs are entitled to all damages provided under Montana law.

## COUNT II

(Negligence Per Se/Statutory Violation)

26. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

27. On October 25, 2020, while driving and operating Defendants' truck and trailer at the time of the incident, Defendant Jessop, both individually and as an agent, employee, servant, and/or representative of Defendants Bringhurst and

Sunrise, was driving in a manner that violated Montana statutory laws, including, but not limited to, §61-8-302, MCA.

28. The statutes were intended to regulate members of the Defendants' class, namely, operators of motor vehicles, and were enacted to prevent accidents and protect persons on public roadways. Both William Casie Allen and Nicholas Ryan Visser were members of the class of protected persons, and their death is clearly the type of injury the statutes were enacted to prevent.

29. Defendants operated their vehicle in disregard for the safety of persons, including William Casie Allen and Nicholas Ryan Visser. Defendants failed to operate the truck and trailer on a public highway in a careful and prudent manner so that it did not unreasonably endanger the lives of William Casie Allen and Nicholas Ryan Visser. Defendants failed to operate their truck and trailer in a careful and prudent manner at a reduced rate of speed no greater than was reasonable and prudent under the conditions existing at the point of operation and/or as required by the special hazard that existed that required a lower rate of speed. Defendants operated their vehicle while sleep deprived, followed too closely, failed to maintain a proper lookout and observe traffic flow, warning signs and lights that alert drivers to on-coming hazards, failed to reduce the speed of their vehicle to avoid an accident, failed to observe or avoid obstructions in the roadway, and failed to control their

vehicle to avoid the collision that caused the death of Casie and Nick. Defendants failed to comply with all laws of the state of Montana.

30. As a result of the negligence per se of the Defendants, William Casie Allen and Nicholas Ryan Visser suffered severe and catastrophic injuries that resulted in their death.

31. As a direct and proximate result of the acts and/or omissions of Defendants, William Casie Allen and Nicholas Ryan Visser and their heirs and survivors suffered injury and damage, including but not limited to severe and catastrophic injuries to decedents' bodies, ultimately resulting in their death, pain and suffering, mental anguish, emotional distress, funeral expenses, out of pocket expenses, lost wages, loss of earning capacity, loss of consortium to Plaintiffs, and any other additional injuries and damages that are or may be recoverable under Montana law.

32. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiffs are entitled to all damages provided under Montana law.

## COUNT III

(Negligent Hiring, Training, Supervision, Retention and/or Entrustment)

33. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

34. Defendants Bringhurst and Sunrise had a duty to use reasonable care in its hiring, training, supervision, and retention of representatives, agents, employees and/or operators of their vehicles, including the subject truck and trailer driven by Defendant Jessop. Defendants Bringhurst and Sunrise had a duty to use reasonable care when entrusting their truck and trailer to Defendant Jessop.

35. Defendants Bringhurst and Sunrise negligently and/or wantonly hired, entrusted, trained, supervised, and/or retained Defendant Jessop as a driver, employee, agent, servant, representative, and/or operator of Defendants' truck and trailer that was involved in the subject collision.

36. Defendants Bringhurst and Sunrise insufficiently, inadequately, and/or improperly trained, supervised and/or monitored Defendant Jessop.

37. Defendants Bringhurst and Sunrise negligently and/or recklessly entrusted Defendant Jessop with the use of their truck.

38. At the time of the incident, Defendants Bringhurst and Sunrise knew or should have known that Defendant Jessop was inexperienced, careless, reckless, incompetent, sleep deprived and unfit to operate the truck and trailer.

39. Defendants Bringhurst and Sunrise knew or should have known of the unreasonable risk(s) and/or danger(s) that they created and/or were creating for other drivers, persons, and/or vehicles on the roadway, including William Casie Allen and Nicholas Ryan Visser, when failing to use reasonable care in hiring, training,

supervising, and/or retaining Defendant Jessop and/or entrusting their vehicle to Defendant Jessop.

40. As a result of the negligence of Defendants Bringhurst and Sunrise, William Casie Allen and Nicholas Ryan Visser suffered severe and catastrophic injuries that resulted in their death.

41. As a direct and/or proximate result of Defendants, Bringhurst and Sunrise's negligent hiring, training, supervision, retention, and/or entrustment with regard to Defendant Jessop, Plaintiffs were caused to suffer damages, including severe and catastrophic injuries to decedents' bodies, ultimately resulting in their death, pain and suffering, mental anguish, emotional distress, funeral expenses, out of pocket expenses, lost wages, loss of earning capacity, loss of consortium to Plaintiffs, and any other additional injuries and other damages that are or may be recoverable under Montana law.

42. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiffs are entitled to all damages provided under Montana law.

## COUNT IV

(Survivorship)

43. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

//

44. Defendants' acts and omissions were a substantial contributing factor in the death of William Casie Allen and Nicholas Ryan Visser. Defendants' negligence caused the death of William Casie Allen and Nicholas Ryan Visser.

45. William Casie Allen and Nicholas Ryan Visser survived for an appreciable amount of time after the collision before they succumbed to the horrible injuries they suffered and died as a result of Defendants' acts and omissions.

46. As a consequence, Casie and Nick suffered damages allowable under Montana law.

## COUNT V

### (Wrongful Death)

47. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

48. Defendants' acts and omissions were a substantial contributing factor in the death of William Casie Allen and Nicholas Ryan Visser.

49. Defendants' negligence caused the death of William Casie Allen and Nicholas Ryan Visser, resulting in damages to Plaintiffs.

50. Montana Code Annotated § 27-1-513 creates a cause of action for wrongful death.

51. Under MCA §§ 27-1-513 and 27-1-323, William Casie Allen and Nicholas Ryan Visser and their estates are entitled to all damages as are just.

## COUNT VI

(Loss of Consortium)

52. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if set forth in full herein.

53. Plaintiffs, as a result of the wrongful acts and/or omissions of the Defendants, as stated above, have suffered and will continue to suffer loss of consortium as that claim is defined under Montana law, and are entitled to recover all damages available under Montana law from the Defendants.

## COUNT VII

(Punitive Damages)

54. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if set forth in full herein.

55. The acts and/or omissions of the Defendants, as described above, constitute actual malice within the meaning of §§27-1-220 and 221, so as to entitle Plaintiffs to an award of exemplary and punitive damages.

56. In doing the things alleged herein, Defendants were guilty of actual malice, in that the Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Plaintiffs and deliberately proceeded to act in conscious or intentional disregard of and/or with indifference to the high probability of injury to the Plaintiffs.

57.     Plaintiffs are entitled to an award of punitive damages in an amount the jury deems proper under the circumstances.

WHEREFORE, Plaintiffs pray judgment against Defendants for all damages and costs to which they are entitled to under Montana law, to include punitive damages, in such categories and in such amounts as will be furnished to Defendants in accordance with applicable Montana law and/or Federal Rules of Civil Procedure, and as are just and proper to their trial jury under the circumstances presented at trial.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all of the issues in this action.

DATED this 5th day of November, 2021.

                    EDWARDS & CULVER

                    By  */s/ A. Christopher Edwards*
                        A. Clifford Edwards
                        A. Christopher Edwards
                        John W. Edwards
                        Attorneys for Plaintiffs